IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CASSANDRA R. JONES                                                                                    PLAINTIFF

V.                            Civil No. 2:23-cv-02089-PKH-MEF

MARTIN O'MALLEY, Commissioner,
Social Security Administration                                                                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Cassandra Jones, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382.  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.      **Procedural Background**

Plaintiff protectively filed her application for SSI on March 17, 2020[1], alleging an onset date ("AOD") of January 1, 2020, due to neuropathy (back and feet), severe stomach pain due to the residuals of mesh surgery to correct a hernia, and mental problems.  (ECF No. 7, pp. 103, 116, 255-260, 29, 299-302, 340-341, 350-352).  The Commissioner denied her application initially and on reconsideration and an administrative hearing was held on June 2, 2022.  (*Id*. at 56-83).  The Plaintiff was both present and represented by counsel, Laura McKinnon.

---

[1] Records indicate that the Plaintiff had filed a prior application for disability insurance benefits in November 2014, resulting in a denial of benefits by ALJ Harold Davis on February 10, 2016. (ECF No. 7, pp. 87-97).

The Plaintiff was 35 years old and possessed a high school education and completed one year of college.  (ECF No. 7, pp. 42, 293).  She had past relevant work ("PRW") experience as seamstress and video rental clerk.  (*Id*. at 40, 304-311, 332-339).

In an unfavorable decision dated July 21, 2022, ALJ Elisabeth McGee concluded Plaintiff's type II diabetes, fibromyalgia, depression, bipolar disorder, ADHD, and PTSD were severe but did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (ECF No. 7, p. 27).  Despite Plaintiff's impairments, the ALJ determined she retained the residual functional capacity ("RFC") to perform light work, with occasional climbing of stairs and ladders, stooping, kneeling, crouching, and crawling. (*Id*. at 32).  Further, ALJ McGee found Plaintiff could understand, remember, and carry out simple, routine, and repetitive tasks; respond to usual work situations, routine work changes, and supervision that is simple, direct, and concrete; and occasionally interact with the public.  Based on the vocational expert's ("VE") testimony, ALJ McGee decided Plaintiff could perform work as a routing clerk, merchandise marker, and housekeeper/cleaner.  (*Id*. at 42-43).

On May 2, 2023, the Appeals Council denied Plaintiff's request for review.  (ECF No. 7, pp. 7-13).  She subsequently filed her Complaint to initiate this action.  (ECF No. 3).  Both parties have filed appeal briefs (ECF Nos. 9, 13), and the matter is ripe for resolution.  The case has been referred to the undersigned for Report and Recommendation.

## II.     Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).  We must

affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). A Plaintiff must show her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. 20 C.F.R. § 416.920(a)(4). The fact finder only

considers Plaintiff's age, education, and work experience in the light of her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 416.920(a)(4)(v).

### III. Discussion

Plaintiff raises four issues on appeal: (1) whether the ALJ fully and fairly developed the record; (2) whether the ALJ erred at Step Two of the sequential analysis; (3) whether the ALJ properly evaluated her subjective complaints; and (4) whether the ALJ's RFC determination is supported by substantial evidence.

Following a thorough review of the record, the undersigned is concerned with the ALJ's treatment of the Plaintiff's gastrointestinal impairments, namely her Crohn's disease. Crohn's disease is an inflammatory bowel disorder that results in inflammation in the tissues of the gastrointestinal tract, leading to many symptoms which include nausea, vomiting, abdominal pain, diarrhea, bloody stools, and anemia. *See* Mayo Foundation for Medical Education and Research (MFMER), *at* https://www.mayoclinic.org/diseases-conditions (last accessed May 15, 2024). Recent research has linked certain bariatric procedures to later development of Crohn's disease and other forms of inflammatory bowel disease. Kiasat A, Granström AL, Stenberg E, Gustafsson UO, Marsk R., *The risk of inflammatory bowel disease after bariatric surgery*, Surgery for Obesity and Related Diseases, 2022;18(3):343–50., *at* https://doi.org/10.1016/j.soard.2021.12.014 (last accessed May 16, 2024).

Records indicate that the Plaintiff underwent bariatric surgery in March 2016, approximately four years prior to the relevant period. (ECF No. 7-1, pp. 576-582). Over the next 12 months, she developed symptoms including chronic abdominal pain and emesis. (*Id*. at 504-524, 568-575).

4

During a June 2017 hospitalization for an upper gastrointestinal bleed believed to have been caused by an overdose of Acetaminophen and Ibuprofen, an upper gastrointestinal study revealed a widely patent duodenoenterostomy characterized by ulceration. (ECF No. 7-1, pp. 397-509). However, despite an initial favorable response to treatment, her abdominal pain persisted. (*Id*. at 552-567).

In July 2019, Plaintiff underwent surgery to correct a ventral hernia. (ECF No. 7, pp. 492-513, 755-761, 813-817; ECF No. 7-2, pp. 43-47). Due to chronic abdominal pain with irregular bleeding and ovarian cysts, narcotic pain medication was prescribed, and a hysterectomy performed in August 2020. (ECF No. 7, pp. 434-446, 451-464, 520-530, 540-562, 590-594, 625-650, 657-662, 685-694, 701-706, 708-711, 715-723, 725-732, 733-737, 743-748, 791-793, 894-918, 936-966; ECF No. 7-1, pp. 74-105, 126-132, 140-147). A CT scan of her abdomen confirmed no recurrence of her hernia.

In March 2021, the Plaintiff was diagnosed with chronic pain syndrome after complaining of persistent abdominal pain. (ECF No. 7-1, pp. 381-390, 393-394). At that time, an exam revealed significant tenderness to very light palpation in the lower right quadrant/suprapubic area of the abdomen. She was prescribed both Hydrocodone and Oxycodone for pain and neuropathy. Five months later, she presented to the emergency room with complaints of intractable nausea, vomiting, and abdominal pain. (ECF No. 7-1, pp. 757-797; ECF No. 7-2, pp. 882-1045). A CT scan of the abdomen and pelvis showed a fluid-filled, nondilated small bowel with a colon suggestive of enteritis (inflammation)/diarrhea disease.

Thereafter, the Plaintiff began experiencing hematuria (blood in urine) with her abdominal pain, prompting doctors to order another CT scan of her abdomen and a cystoscopy. (ECF No. 7-1, pp. 159-173, 675-680, 694-743; ECF No. 7-2, pp. 580-743). These studies concluded that her

5

urinary tract was not the source of her pain. (ECF No. 7-1, pp. 159-164). And her symptoms persisted.

Plaintiff was hospitalized for four days in May 2022 due to complaints of emesis, diarrhea, abdominal cramping, and chronic iron deficiency. (ECF No. 7-2, pp. 2-168, 1205-1262). A CT scan of her abdomen revealed colitis, prompting her physicians to start her on Cipro, Flagyl, and Protonix, and one unit of blood was administered. An esophagogastroduodenoscopy further revealed non-bleeding gastritis. After showing improvement, the Plaintiff was discharged home with instructions to follow-up with gastroenterology and present for a colonoscopy within 12 to 16 days.

In June, Plaintiff's mental health provider noted that she had recently been diagnosed with Crohn's disease and would require surgery within the next six months. (ECF No. 7-2, pp. 1266-1269).

The ALJ dismissed Plaintiff's Crohn's/colitis diagnosis, stating it had not been present for the 12-month duration required by the Social Security Act. However, while the Plaintiff was not diagnosed with Crohn's until May 2022, the record contains evidence of symptoms associated with Crohn's dating back to at least 2017. Symptoms, such as chronic abdominal pain and cramping, emesis, diarrhea, and anemia, that would impact her ability to perform work, day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world. We note, as does the Commissioner in many other cases, that a mere diagnosis is not sufficient to prove disability. *See Trenary v. Bowen*, 898F.2d 1361, 1364 (8th Cir. 1990). It is the resulting functional loss we must consider. *Id*. And, here, the record documents treatment for the symptoms of Crohn's that met the durational requirement and should have been considered by the ALJ.

Accordingly, remand is necessary to allow the ALJ to reconsider his step two analysis and RFC determination. In so doing, the ALJ should order a consultative physical exam to determine Plaintiff's precise abilities and restrictions.

We do note, as did the ALJ, that the record contains some evidence of drug use said to be in remission by early 2022. (ECF No. 7-2, pp. 1266-1275). This does not, however, negate the fact that the Plaintiff has significant gastrointestinal symptoms and findings that should have been properly considered by the ALJ.

## IV. Conclusion

Based on the foregoing, it is recommended that the Commissioner's decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of May 2024.

/s/ Mark E. Ford
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE