IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CASSANDRA R. JONES                                              PLAINTIFF

v.                  CIVIL NO. 2:23-cv-02089-PKH-MEF

MARTIN O'MALLEY, Commissioner,
Social Security Administration                                      DEFENDANT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF Nos. 17, 18). On July 3, 2024, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $7,442.80, representing a total of 27.80 attorney hours in 2023 at an hourly rate of $236.00 and 3.60 attorney hours in 2024 at an hourly rate of $245.00. (ECF No. 17-1). On July 10, 2024, the Commissioner filed a response voicing no objections. (ECF No. 20).

### I.    Discussion

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for attorney hours does not exceed the CPI for the years in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United

States Department of Labor's Consumer Price Index ("CPI")); *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved); and General Order 39 (the Court's standing Order allowing for enhanced hourly rates based on the CPI-South for December of the previous year). Accordingly, the undersigned finds that the Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $7,442.80.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. However, if the Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II.     Conclusion

Accordingly, the undersigned recommends awarding Plaintiff the sum of **$7,442.80** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties**

**that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 12th day of July 2024.

/s/ Mark E. Ford
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE